IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>David B. Hermann<br>      Debtor | Chapter 13<br><br>Case No. 17-12861- mdc |

**PRETRIAL STATEMENT FILED BY LAKEVIEW LOAN SERVICING, LLC**

Pursuant to the Scheduling Order entered on December 16, 2010 Lakeview Loan Servicing, LLC hereby submits a Pretrial Statement. By way of further explanation, the parties, to date, have yet to come to terms on a Joint Pretrial Statement, but the parties continue to move forward in this regard. Lakeview Loan Servicing, LLC is the Movant in regard to a pending Motion for Relief from the Automatic Stay under 11 U.S.C. §362(d) With Respect to the real property located at 221 Holbrook Lane, Gilbertsville, PA 19525, and is the Respondent in regard to a pending Objection to Claim filed by Debtor David B. Hermann (hereinafter, "Debtor"). Lakeview Loan Servicing, LLC's Motion for Relief is a core proceeding and this Honorable Court has jurisdiction over the Motion for Relief under 28 U.S.C. §§ 157(b)(2)(G).

**A. Statement of Legal Issues**

Lakeview Loan Servicing, LLC finds that there are very few, if any, uncontested facts in relation to this ongoing litigation. On November 25, 2009, Debtor, executed and delivered a Note (hereinafter, the "Note") in the principal sum of $238,626.00 to MNET Mortgage Corp, A Corporation. As security for the repayment of the Note, Debtor, executed and delivered a Mortgage (hereinafter, the "Mortgage") to Mortgage Electronic Registration Systems, Inc. solely as a nominee for MNET Mortgage Corp, A Corporation. The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Montgomery County on December 7, 2009 in Book 12750, Page 00138 a/k/a Instrument 2009127121. The Mortgage encumbers Debtor's real

1

property located at 221 Holbrook Lane, Gilbertsville, PA 19525 (hereinafter, the "Property"). Copies of the Note and the Mortgage are included in Claim 1-2 filed of record with the Court on August 4, 2017. Lakeview Loan Servicing, LLC incorporates Claim 1-2 herein by reference.

The Mortgage was ultimately assigned to Lakeview Loan Servicing, LLC as evidenced by the two (2) Assignments of Mortgage that are included in Lakeview Loan Servicing, LLC's Proof of Claim (Claim 1-2). The initial Assignment of Mortgage was an assignment from Mortgage Electronic Registration Systems, Inc. to Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP, which Assignment of Mortgage was dated June 25, 2012 and duly recorded in the Office of the Recorder of Deeds in and for Montgomery County on June 27, 2012 in Book 13345, Page 00373 a/k/a Instrument 2012062318. The subsequent Assignment of Mortgage was an assignment from Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP to Lakeview Loan Servicing, LLC, which Assignment of Mortgage was dated August 2, 2013, and duly recorded in the Office of the Recorder of Deeds in and for Montgomery County on September 18, 2013 in Book 13682, Page 01389 a/k/a Instrument 2013098535. Copies of the pair of Assignments of Mortgage are included in Claim 1-2 filed of record with the Court on August 4, 2017. Lakeview Loan Servicing, LLC incorporates Claim 1-2 herein by reference.

Lakeview Loan Servicing, LLC is the current holder of the Mortgage as evidenced by Assignments of Mortgage. M&T Bank is the mortgage loan servicer for Lakeview Loan Servicing, LLC in relation to the subject Mortgage.

Lakeview Loan Servicing, LLC filed a Motion for Relief from the Automatic Stay on September 21, 2017, alleging, *inter alia*, that, as of August 23, 2017, Debtor defaulted on post-

petition regular monthly mortgage payments starting with the scheduled May 1, 2017 payment through the August 1, 2017 payment. See Motion for Relief filed at Doc. No. 27 at paragraph 9. Lakeview Loan Servicing, LLC incorporates the Motion for Relief herein by reference. Furthermore, Debtor admits there is no equity in the Property. See Motion for Relief filed at Doc. No. 27 at paragraph 12 and Debtor's Answer thereto filed October 18, 2017 at Doc. No. 34. Lakeview Loan Servicing, LLC incorporates Debtor's Answer herein by reference.

On October 18, 2017, Debtor filed an Objection to Lakeview Loan Servicing, LLC's Proof of Claim. The very basis for the Objection is lacking, as the Objection references an unrelated mortgage as its basis. See Debtor's Objection, Doc. No. 32 at paragraph 4. Lakeview Loan Servicing, LLC incorporates Debtor's Objection herein by reference. Debtor alleges in the Objection that there is some sort of issue regarding the chain of title to the Mortgage. See Debtor's Objection, Doc. No. 32 at paragraph 8. This is simply not true, in accordance with the recorded documents referenced above.

Debtor further alleges that he "had a permanent loan modification agreement with Bank of America, N.A. ("BOA") as to the amount of the mortgage payment" (see Debtor's Objection, Doc. No. 32 at paragraph 9); that "[t]he revised mortgage payment amount according to the modification was $1,113.20," and that "Debtor made payments until M&T Bank unilaterally breached the agreement by increasing the amount to $1,724.47, and withdrawing the same electronically from Debtor's bank account" (see Debtor's Objection, Doc. No. 32 at paragraph 10); that, although "an Amended and Restated Note was executed by the Debtor evidencing the modified mortgage payment'' (see Debtor's Objection, Doc. No. 32 at paragraph 11), "the Amended and Restated Note that is in Lakeview's possession is not the Note that was executed by Debtor" (see Debtor's Objection, Doc. No. 32 at paragraph 12), "[t]he Amended and Restated

3

Note in Lakeview's possession is a forgery." See Debtor's Objection, Doc. No. 32 at paragraph 14. Debtor proceeds to further accuse Lakeview Loan Servicing, LLC of producing "this forged note to the Court of Common Pleas of Montgomery County" (see Debtor's Objection, Doc. No. 32 at paragraph 15), "in order to obtain summary judgment against Debtor." See Debtor's Objection, Doc. No. 32 at paragraph 16. Further, Debtor claims that this summary judgment "is on appeal to the Pennsylvania Superior Court." See Debtor's Objection, Doc. No. 32 at paragraph 16.

Lakeview Loan Servicing, LLC's position is that the allegations in Debtor's Objection are spurious. As is stated in Lakeview Loan Servicing, LLC's Answer to Debtor's Objection, filed November 13, 2017 at Doc. No. 38, Debtor executed an Amended and Restated Note and Loan Modification Agreement on April 10, 2013. The Loan Modification Agreement displays Debtor's notarized signature. However, the Amended and Restated Note and Loan Modification was required to be received by Bank of America – which was a prior holder of the Note and Mortgage (see Claim 1-2) – by February 17, 2013 per the terms of the Notice letter, dated January 18, 2013, that accompanied the Amended Note and Restated Note and Loan Modification Agreement. Debtor did not execute the Amended and Restated Note and Loan Modification Agreement until April 10, 2013, nearly two (2) months after the deadline. Furthermore, Bank of America sent Debtor a denial letter, dated May 9, 2013, stating Debtor was not offered a modification because he did not sign and return the modification agreement that had been sent to him. Lakeview Loan Servicing, LLC incorporates its Answer to Debtor's Objection herein by reference. A copy of the Amended and Restated Note and Loan Modification Agreement is attached to the Answer to Debtor's Objection as Exhibit "A," and a copy of the May 9, 2013 letter is attached to the Answer to Debtor's Objection as Exhibit "B."

Furthermore, Debtor sent M&T Bank a letter, dated October 6, 2014, whereby he advised M&T Bank that he could not accept a modification due to a "loss of employment." A copy of the letter from Debtor to M&T Bank, dated October 6, 2014, is attached to the Answer to Debtor's Objection as Exhibit "C."

Respondent holds a valid foreclosure judgment against the Debtor, dated January 24, 2017, in Montgomery County Court of Common Pleas case of *Lakeview Loan Servicing LLC v. David Herman*, case no. 2015-00523. To the extent that Debtor is attempting to attack the validity of the state court foreclosure judgment, Debtor is barred from such collateral attack under the Rooker-Feldman Doctrine as well as the doctrine of res judicata. Debtor is attempting to re-litigate issues that were decided in the mortgage foreclosure Case. "Res judicata prevents the Debtor from having a second bite at the apple here; 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *In re Brooks*, 533 B.R. 469, 474 (Bankr. E.D. Pa. 2015), citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citations omitted).

Furthermore, Debtor' claim that the state court mortgage foreclosure judgment "is on appeal to the Pennsylvania Superior Court" (see Debtor's Objection, Doc. No. 32 at paragraph 16) is nothing more than a "red herring." According to the Superior Court of Pennsylvania's docket sheet, at Docket Number: 673 EDA 2017 (*Lakeview Loan Servicing, LLC v. David Hermann, Appellant*), a Notice of Appeal was filed February 17, 2017, and the case was dismissed on June 30, 2017 for "Failure to File Brief." The dismissal on June 30, 2017 occurred more than three (3) months prior to Debtor's October 18, 2017, filing of the Objection to Lakeview Loan Servicing, LLC's Proof of Claim. Unquestionably, Debtor knew or should have

5

known of the dismissal, yet Debtor as of October 18, 2017 represented to the Court that the appeal was ongoing.

To the extent that Debtor's allegations in the Objection to Proof of Claim may be construed as allegations of fraud and/or misrepresentation, Debtor has presented no valid evidence and made no showing that meets the elements and/or requirements of these torts.

In addition, no discovery has taken place in this case. To the extent that Debtor sent a Qualified Written Request to Lakeview Loan Servicing, LLC, the Qualified Written Request is dated January 15, 2018. The statutory response period is thirty (30) days, so no response is yet required.

To the extent that Debtor in his Exhibit List below lists individuals who have not been identified via discovery (or otherwise consented to by Lakeview Loan Servicing, LLC and/or mortgage loan servicer M&T Bank), Lakeview Loan Servicing, LLC objects to the inclusion of these individuals. Furthermore, given the facts of this case and the developments since the initial hearing in this matter, Lakeview Loan Servicing, LLC respectfully requests that the Court allow its witness to appear by telephone. Lakeview Loan Servicing, LLC acknowledges that, upon inquiry by counsel from Lakeview Loan Servicing, LLC to counsel for Debtor, Debtor has objected to this request.

**B. Damages or Other Relief**

Lakeview Loan Servicing, LLC is seeking that relief from the automatic stay imposed under 11 U.S.C. §362 in order to proceed with enforcement of all rights Movant has under state and federal law concerning the real property located at 221 Holbrook Lane, Gilbertsville, PA 19525. Lakeview Loan Servicing, LLC is seeking that Debtor's Objection to Claim be denied and dismissed with prejudice. Lakeview Loan Servicing, LLC also reserves the right to seek

attorney's fees and other related costs in regard to the litigation of both of the pending matters.

**C. Settlement Negotiations**

Debtor proposed to Lakeview Loan Servicing, LLC on February 1, 2018 that Debtor receive a loan modification.

**D. Witnesses**

Melissa Riley or other alternative representative of M&T Bank, as mortgage loan servicer for Lakeview Loan Servicing, LLC in relation to the subject mortgage loan
(Lakeview Loan Servicing, LLC requests that this witness be permitted to appear by telephone – Lakeview Loan Servicing, LLC acknowledges that, upon inquiry by counsel from Lakeview Loan Servicing, LLC to counsel for Debtor, Debtor has objected to this request)

David Hermann
c/o Robert J. Birch, Esquire
617 Swede Street
Norristown, PA 19401

(Lakeview Loan Servicing, LLC reserves the right to amend/revise this witness list)

**E. Exhibits**

1- Copy of Superior Court of Pennsylvania Appeal Docket Sheet, Docket Number: 673 EDA 2017 (*Lakeview Loan Servicing, LLC v. David Hermann, Appellant*)

2- Copy of Note dated November 25, 2009, executed and delivered by Debtor in the principal sum of $238,626.00 to MNET Mortgage Corp, A Corporation.

3- Copy of Mortgage dated November 25, 2009 executed and delivered by Debtor to Mortgage Electronic Registration Systems, Inc. solely as a nominee for MNET Mortgage Corp, A Corporation. recorded in the Office of the Recorder of Deeds in and for Montgomery County on December 7, 2009 in Book 12750, Page 00138 a/k/a Instrument 2009127121.

4- Copy of Lakeview Loan Servicing, LLC's Proof of Claim (Claim 1-2)

5- Copy of Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. to Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP dated June 25, 2012 and recorded in the Office of the Recorder of Deeds in and for Montgomery County on June 27, 2012 in Book 13345, Page 00373 a/k/a Instrument 2012062318.

6- Copy of Assignment of Mortgage from Bank of America, N.A., successor by merger to

BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP to Lakeview Loan Servicing, LLC, dated August 2, 2013, and recorded in the Office of the Recorder of Deeds in and for Montgomery County on September 18, 2013 in Book 13682, Page 01389 a/k/a Instrument 2013098535.

7- Copy of Lakeview Loan Servicing, LLC's Motion for Relief from the Automatic Stay filed on September 21, 2017 Doc. No. 27

8- Copy of Debtor's Answer to Motion for Relief filed October 18, 2017 at Doc. No. 34.

9- Copy of Debtor's Objection to Lakeview Loan Servicing, LLC's Proof of Claim, filed October 18, 2017 at Doc. No. 32.

10- Copy of Lakeview Loan Servicing, LLC's Answer to Debtor's Objection, filed November 13, 2017 at Doc. No. 38.

11- Copy of Amended and Restated Note and Loan Modification Agreement executed by Debtor on April 10, 2013 (copy attached to the Answer to Debtor's Objection as Exhibit "A").

12- Copy of Letter from Bank of America to Debtor dated May 9, 2013 (copy attached to the Answer to Debtor's Objection as Exhibit "B").

13- Copy of Letter from Debtor to M&T Bank dated October 6, 2014 (copy attached to the Answer to Debtor's Objection as Exhibit "C").

14- Copy of foreclosure judgment, dated January 24, 2017, in Montgomery County Court of Common Pleas case of *Lakeview Loan Servicing LLC v. David Herman*, case no. 2015-00523.

15- Copy of foreclosure complaint in Montgomery County Court of Common Pleas case of *Lakeview Loan Servicing LLC v. David Herman*, case no. 2015-00523.

16- Copy of Debtor's Answer to foreclosure complaint Montgomery County Court of Common Pleas case of *Lakeview Loan Servicing LLC v. David Herman*, case no. 2015-00523.

17- Copy of Qualified Written Response from Debtor dated January 15, 2018.

18- Copy of Debtor's Voluntary Petition and any/all contents thereof, including, but not limited to, Schedules, Statement of Financial Affairs (and any/all amendments thereto).

19- Copy of Debtor's Chapter 13 Plan (and any/all amendments thereto).

20- Any and all other pleadings and/or documents of record in this bankruptcy case.

21- Any and all other pleadings and/or documents of record in the Montgomery County Court of Common Pleas case of *Lakeview Loan Servicing LLC v. David Herman*, case no. 2015-00523.

                                                Respectfully submitted,

                                                STERN & EISENBERG, P.C.

                                                /s/ William E. Miller
                                                William Miller, Esquire
                                                PA ID #308951
                                                wmiller@sterneisenberg.com
                                                Stern & Eisenberg, PC
                                                1581 Main Street, Suite 200
                                                Warrington, Pa 18976
                                                (215) 572-8111
Date: February 2, 2018                          Counsel for Lakeview Loan Servicing, LLC