UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br> DAVID HERMANN <br><br> DEBTOR | : CHAPTER 13 <br> : <br> : CASE NO.  17-12861-mdc <br> : <br> : |

**JOINT PRETRIAL STATEMENT**

Pursuant to the Local Rules of Bankruptcy Practice and the Scheduling Order entered on December 16, 2010 the ("Scheduling Order"), David Herman ("Debtor") and Lakeview Loan Servicing, LLC hereby submit a Joint Pretrial Statement

[Disclaimer by counsel for Debtor]: This Joint Pretrial Statement is submitted in order to expedite trial and to elucidate the parties' contentions. The parties do not intend their agreement as to the veracity of facts or the authenticity of documents to be a concession as to the relevance or materiality of such evidence. Further, in order to keep this Joint Pretrial Statement concise, the parties have not attempted to detail each of their contentions and reserve their right to do so at trial and in any briefing requested by the Court. Finally, stipulations as to facts are for purposes of the pending trial only. Due to the limited amount of time for discovery and investigation, none of the parties shall be bound to these facts in future proceedings in this or any other case, whether in this or any other court. [End of disclaimer].

I. **NATURE OF THE ACTION**

  A. **Debtor's Contentions**

Debtor filed the present Chapter 13 case that is pending in this District. On or about November 25, 2008, Plaintiff executed a mortgage in favor of Hendricks Mortgage, LLC. At some point, the mortgage was sold or assigned to Wells Fargo. MERS then purportedly assigned

1

the mortgage as assignee of MNET Mortgage Corp. to Lakeview by assignment of September 18, 2013.

The mortgage, however, was owned by M&T Bank as of October 17, 2014, but there is no recorded assignment showing any ownership by M&T Bank. Debtor, however, had a permanent loan modification agreement with Bank of America, N.A. ("BOA") as to the amount of the mortgage payment. The revised mortgage payment amount according to the modification was $1,113.20.  Debtor made payments until M&T Bank unilaterally increased the amount to $1,724.47, and began withdrawing the same electronically from Debtor's bank account.

An Amended and Restated Note was executed by the Debtor evidencing the modified mortgage payment.  However, the Amended and Restated Note that is in Lakeview's possession is not the Note that was executed by Debtor.  The signatures are completely different and the date has been "whited out" and replaced with another date.

The Note that is in Lakeview's possession was presented to the Court of Common Pleas in order to obtain summary judgment against Debtor. The Amended Note in Defendant's possession contains no indorsements, and Lakeview has not proved that it is in possession of the Amended Note or that it is a party entitled to enforce the note. There is no power of attorney or authorization in the record that shows that M&T Bank to act on behalf of Lakeview.  No copy of the Amended Note or authorization for the loan servicer to represent Lakeview was attached to the proof of claim.

Debtor is in possession of an Affidavit that was signed by M&T Bank on behalf of Lakeview. The Affidavit fails to provide an accurate accounting of the mortgage payments, including the modified mortgage payment amount. There is also an incorrect principal balance of the mortgage.  The Amended Note provided for a principal balance of $236,731 as of the date of

the Amended Note. However, the Affidavit states that the principal amount is $238,626, and bases this amount on the original Note and not the Amended Note.

Lakeview claims that Debtor took no discovery. On the contrary, Debtor sent Lakeview a Qualified Written Request pursuant to 12 U.S.C. § 2605(e)(1)(B), and to date, no response has been received. Under this statute, the servicer must provide a written response acknowledging receipt of the correspondence within 5 days.

Lakeview is under the misconception that Debtor is trying the underlying state court action again, and alleges that Debtor's Objection is barred under the *Rooker-Feldman* doctrine. As Chief Judge Frank reasoned in *In re: Raymond E. Smith*,10-14703 ELF, Lakeview confuses the *Rooker-Feldman* doctrine with the doctrines of res judicata and collateral estoppel. More specifically, the Debtor's Objection does not require this Court to "reject" the judgment entered in the underling Foreclosure Action. Rather, the Objection requires only that the Court interpret the meaning of and apply the judgment in order to determine Lakeview's claim.

Debtor also objects to any of Lakeview's witnesses "appearing" by telephone.

B. **Lakeview Loan Servicing, LLC's Contentions (Legal Issues)**

Lakeview Loan Servicing, LLC finds that there are very few, if any, uncontested facts in relation to this ongoing litigation. On November 25, 2009, Debtor, executed and delivered a Note (hereinafter, the "Note") in the principal sum of $238,626.00 to MNET Mortgage Corp, A Corporation. As security for the repayment of the Note, Debtor, executed and delivered a Mortgage (hereinafter, the "Mortgage") to Mortgage Electronic Registration Systems, Inc. solely as a nominee for MNET Mortgage Corp, A Corporation. The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Montgomery County on December 7, 2009 in Book 12750, Page 00138 a/k/a Instrument 2009127121. The Mortgage encumbers Debtor's real

property located at 221 Holbrook Lane, Gilbertsville, PA 19525 (hereinafter, the "Property"). Copies of the Note and the Mortgage are included in Claim 1-2 filed of record with the Court on August 4, 2017. Lakeview Loan Servicing, LLC incorporates Claim 1-2 herein by reference.

The Mortgage was ultimately assigned to Lakeview Loan Servicing, LLC as evidenced by the two (2) Assignments of Mortgage that are included in Lakeview Loan Servicing, LLC's Proof of Claim (Claim 1-2). The initial Assignment of Mortgage was an assignment from Mortgage Electronic Registration Systems, Inc. to Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP, which Assignment of Mortgage was dated June 25, 2012 and duly recorded in the Office of the Recorder of Deeds in and for Montgomery County on June 27, 2012 in Book 13345, Page 00373 a/k/a Instrument 2012062318. The subsequent Assignment of Mortgage was an assignment from Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP to Lakeview Loan Servicing, LLC, which Assignment of Mortgage was dated August 2, 2013, and duly recorded in the Office of the Recorder of Deeds in and for Montgomery County on September 18, 2013 in Book 13682, Page 01389 a/k/a Instrument 2013098535. Copies of the pair of Assignments of Mortgage are included in Claim 1-2 filed of record with the Court on August 4, 2017. Lakeview Loan Servicing, LLC incorporates Claim 1-2 herein by reference.

Lakeview Loan Servicing, LLC is the current holder of the Mortgage as evidenced by Assignments of Mortgage. M&T Bank is the mortgage loan servicer for Lakeview Loan Servicing, LLC in relation to the subject Mortgage.

Lakeview Loan Servicing, LLC filed a Motion for Relief from the Automatic Stay on September 21, 2017, alleging, *inter alia*, that, as of August 23, 2017, Debtor defaulted on post-

petition regular monthly mortgage payments starting with the scheduled May 1, 2017 payment through the August 1, 2017 payment. See Motion for Relief filed at Doc. No. 27 at paragraph 9. Lakeview Loan Servicing, LLC incorporates the Motion for Relief herein by reference. Furthermore, Debtor admits there is no equity in the Property. See Motion for Relief filed at Doc. No. 27 at paragraph 12 and Debtor's Answer thereto filed October 18, 2017 at Doc. No. 34. Lakeview Loan Servicing, LLC incorporates Debtor's Answer herein by reference.

On October 18, 2017, Debtor filed an Objection to Lakeview Loan Servicing, LLC's Proof of Claim. The very basis for the Objection is lacking, as the Objection references an unrelated mortgage as its basis. See Debtor's Objection, Doc. No. 32 at paragraph 4. Lakeview Loan Servicing, LLC incorporates Debtor's Objection herein by reference. Debtor alleges in the Objection that there is some sort of issue regarding the chain of title to the Mortgage. See Debtor's Objection, Doc. No. 32 at paragraph 8. This is simply not true, in accordance with the recorded documents referenced above.

Debtor further alleges that he "had a permanent loan modification agreement with Bank of America, N.A. ("BOA") as to the amount of the mortgage payment" (see Debtor's Objection, Doc. No. 32 at paragraph 9); that "[t]he revised mortgage payment amount according to the modification was $1,113.20," and that "Debtor made payments until M&T Bank unilaterally breached the agreement by increasing the amount to $1,724.47, and withdrawing the same electronically from Debtor's bank account" (see Debtor's Objection, Doc. No. 32 at paragraph 10); that, although "an Amended and Restated Note was executed by the Debtor evidencing the modified mortgage payment'' (see Debtor's Objection, Doc. No. 32 at paragraph 11), "the Amended and Restated Note that is in Lakeview's possession is not the Note that was executed by Debtor" (see Debtor's Objection, Doc. No. 32 at paragraph 12), "[t]he Amended and Restated

5

Note in Lakeview's possession is a forgery." See Debtor's Objection, Doc. No. 32 at paragraph 14. Debtor proceeds to further accuse Lakeview Loan Servicing, LLC of producing "this forged note to the Court of Common Pleas of Montgomery County" (see Debtor's Objection, Doc. No. 32 at paragraph 15), "in order to obtain summary judgment against Debtor." See Debtor's Objection, Doc. No. 32 at paragraph 16. Further, Debtor claims that this summary judgment "is on appeal to the Pennsylvania Superior Court." See Debtor's Objection, Doc. No. 32 at paragraph 16.

Lakeview Loan Servicing, LLC's position is that the allegations in Debtor's Objection are spurious. As is stated in Lakeview Loan Servicing, LLC's Answer to Debtor's Objection, filed November 13, 2017 at Doc. No. 38, Debtor executed an Amended and Restated Note and Loan Modification Agreement on April 10, 2013. The Loan Modification Agreement displays Debtor's notarized signature. However, the Amended and Restated Note and Loan Modification was required to be received by Bank of America – which was a prior holder of the Note and Mortgage (see Claim 1-2) – by February 17, 2013 per the terms of the Notice letter, dated January 18, 2013, that accompanied the Amended Note and Restated Note and Loan Modification Agreement. Debtor did not execute the Amended and Restated Note and Loan Modification Agreement until April 10, 2013, nearly two (2) months after the deadline. Furthermore, Bank of America sent Debtor a denial letter, dated May 9, 2013, stating Debtor was not offered a modification because he did not sign and return the modification agreement that had been sent to him. Lakeview Loan Servicing, LLC incorporates its Answer to Debtor's Objection herein by reference. A copy of the Amended and Restated Note and Loan Modification Agreement is attached to the Answer to Debtor's Objection as Exhibit "A," and a copy of the May 9, 2013 letter is attached to the Answer to Debtor's Objection as Exhibit "B."

6

Furthermore, Debtor sent M&T Bank a letter, dated October 6, 2014, whereby he advised M&T Bank that he could not accept a modification due to a "loss of employment." A copy of the letter from Debtor to M&T Bank, dated October 6, 2014, is attached to the Answer to Debtor's Objection as Exhibit "C."

Respondent holds a valid foreclosure judgment against the Debtor, dated January 24, 2017, in Montgomery County Court of Common Pleas case of *Lakeview Loan Servicing LLC v. David Herman*, case no. 2015-00523. To the extent that Debtor is attempting to attack the validity of the state court foreclosure judgment, Debtor is barred from such collateral attack under the Rooker-Feldman Doctrine as well as the doctrine of res judicata. Debtor is attempting to re-litigate issues that were decided in the mortgage foreclosure Case. "Res judicata prevents the Debtor from having a second bite at the apple here; 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *In re Brooks*, 533 B.R. 469, 474 (Bankr. E.D. Pa. 2015), citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citations omitted).

Furthermore, Debtor' claim that the state court mortgage foreclosure judgment "is on appeal to the Pennsylvania Superior Court" (see Debtor's Objection, Doc. No. 32 at paragraph 16) is nothing more than a "red herring." According to the Superior Court of Pennsylvania's docket sheet, at Docket Number: 673 EDA 2017 (*Lakeview Loan Servicing, LLC v. David Hermann, Appellant*), a Notice of Appeal was filed February 17, 2017, and the case was dismissed on June 30, 2017 for "Failure to File Brief." The dismissal on June 30, 2017 occurred more than three (3) months prior to Debtor's October 18, 2017, filing of the Objection to Lakeview Loan Servicing, LLC's Proof of Claim. Unquestionably, Debtor knew or should have

7

known of the dismissal, yet Debtor as of October 18, 2017 represented to the Court that the appeal was ongoing.

To the extent that Debtor's allegations in the Objection to Proof of Claim may be construed as allegations of fraud and/or misrepresentation, Debtor has presented no valid evidence and made no showing that meets the elements and/or requirements of these torts.

In addition, no discovery has taken place in this case. To the extent that Debtor sent a Qualified Written Request to Lakeview Loan Servicing, LLC, the Qualified Written Request is dated January 15, 2018. The statutory response period is thirty (30) days, so no response is yet required.

To the extent that Debtor in his Exhibit List below lists individuals who have not been identified via discovery (or otherwise consented to by Lakeview Loan Servicing, LLC and/or mortgage loan servicer M&T Bank), Lakeview Loan Servicing, LLC objects to the inclusion of these individuals. Furthermore, given the facts of this case and the developments since the initial hearing in this matter, Lakeview Loan Servicing, LLC respectfully requests that the Court allow its witness to appear by telephone.

**II.    SETTLEMENT NEGOTIATIONS**

Debtor proposed to Lakeview Loan Servicing, LLC on February 1, 2018 that Debtor receive a loan modification.

**IIII.   WITNESSES**

**A. Lakeview Loan Servicing's Witnesses**

Melissa Riley or other alternative representative of M&T Bank,
as mortgage loan servicer for Lakeview Loan Servicing, LLC
in relation to the subject Mortgage
(Lakeview Loan Servicing, LLC requests that this
witness be permitted to appear by telephone)

8

Debtor objects to any telephone appearance. Debtor has the right to cross examine Shelly A. Andrees who provided an affidavit under penalties of perjury.

David Hermann
c/o Robert J. Birch, Esquire
617 Swede Street
Norristown, PA 19401

(Lakeview Loan Servicing, LLC reserves the right to amend/revise this witness list)

**B. Debtor's Witnesses**

David Hermann
c/o Robert J. Birch, Esquire
617 Swede Street
Norristown, PA 19401

Theresa Evanco
c/o Robert J. Birch, Esquire
617 Swede Street
Norristown, PA 19401

| | |
|---|---|
| Shelly A. Andrees<br>V.P. M&T Bank, N.A.<br>c/o Stern & Eisenberg, P.C.<br>1581 Main Street, Suite 200<br>Warrington, PA 18976 | [Lakeview Loan Servicing, LLC objects to the inclusion of this witness] |
| Dawn M. Bechtold<br>M&T Bank, N.A.<br>c/o Stern & Eisenberg, P.C.<br>1581 Main Street, Suite 200<br>Warrington, PA 18976 | [Lakeview Loan Servicing, LLC objects to the inclusion of this witness] |
| Custodian of Records<br>Lakeview Loan Servicing<br>c/o Stern & Eisenberg, P.C.<br>1581 Main Street, Suite 200<br>Warrington, PA 18976 | [Lakeview Loan Servicing, LLC objects to the inclusion of this witness] |

**IV. EXHIBITS**

**A. Lakeview Loan Servicing, LLC's Exhibits**

1- Copy of Superior Court of Pennsylvania Appeal Docket Sheet, Docket Number: 673 EDA

2017 (*Lakeview Loan Servicing, LLC v. David Hermann, Appellant*)

2- Copy of Note dated November 25, 2009, executed and delivered by Debtor in the principal sum of $238,626.00 to MNET Mortgage Corp, A Corporation.

3- Copy of Mortgage dated November 25, 2009 executed and delivered by Debtor to Mortgage Electronic Registration Systems, Inc. solely as a nominee for MNET Mortgage Corp, A Corporation. recorded in the Office of the Recorder of Deeds in and for Montgomery County on December 7, 2009 in Book 12750, Page 00138 a/k/a Instrument 2009127121.

4- Copy of Lakeview Loan Servicing, LLC's Proof of Claim (Claim 1-2)

5- Copy of Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. to Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP dated June 25, 2012 and recorded in the Office of the Recorder of Deeds in and for Montgomery County on June 27, 2012 in Book 13345, Page 00373 a/k/a Instrument 2012062318.

6- Copy of Assignment of Mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP to Lakeview Loan Servicing, LLC, dated August 2, 2013, and recorded in the Office of the Recorder of Deeds in and for Montgomery County on September 18, 2013 in Book 13682, Page 01389 a/k/a Instrument 2013098535.

7- Copy of Lakeview Loan Servicing, LLC's Motion for Relief from the Automatic Stay filed on September 21, 2017 Doc. No. 27

8- Copy of Debtor's Answer to Motion for Relief filed October 18, 2017 at Doc. No. 34.

9- Copy of Debtor's Objection to Lakeview Loan Servicing, LLC's Proof of Claim, filed October 18, 2017 at Doc. No. 32.

10- Copy of Lakeview Loan Servicing, LLC's Answer to Debtor's Objection, filed November 13, 2017 at Doc. No. 38.

11- Copy of Amended and Restated Note and Loan Modification Agreement executed by Debtor on April 10, 2013 (copy attached to the Answer to Debtor's Objection as Exhibit "A").

12- Copy of Letter from Bank of America to Debtor dated May 9, 2013 (copy attached to the Answer to Debtor's Objection as Exhibit "B").

13- Copy of Letter from Debtor to M&T Bank dated October 6, 2014 (copy attached to the Answer to Debtor's Objection as Exhibit "C").

14- Copy of foreclosure judgment, dated January 24, 2017, in Montgomery County Court of Common Pleas case of *Lakeview Loan Servicing LLC v. David Herman*, case no. 2015-00523.

15- Copy of foreclosure complaint in Montgomery County Court of Common Pleas case of *Lakeview Loan Servicing LLC v. David Herman*, case no. 2015-00523.

16- Copy of Debtor's Answer to foreclosure complaint Montgomery County Court of Common Pleas case of *Lakeview Loan Servicing LLC v. David Herman*, case no. 2015-00523.

17- Copy of Qualified Written Response from Debtor dated January 15, 2018.

18- Copy of Debtor's Voluntary Petition and any/all contents thereof, including, but not limited to, Schedules, Statement of Financial Affairs (and any/all amendments thereto).

19- Copy of Debtor's Chapter 13 Plan (and any/all amendments thereto).

**B. Debtor's Exhibits**

D-1    Mortgage 11/25/2009

D-2    Note 11/25/2009

D-3    Bank statements

D-4    Amended & Restated Note 4/10/2013

D-5    Amended & Restated Note 1/18/2013

D-6    Bank of America Modification Letter 8/1/2013

D-7    Debtor's Qualified Written Request

D-8    Affidavit of M&T Bank, N.A.

Debtor reserves the right to use any and all of Lakeview's documnts.

                                            Respectfully submitted:

                                            /s/ Robert J. Birch

Dated: February 2, 2018    _____
                                            Robert J. Birch, Esquire
                                            Counsel for Debtor

/s/ William E. Miller
William Miller, Esquire
PA ID #308951
wmiller@sterneisenberg.com
Stern & Eisenberg, PC
1581 Main Street, Suite 200
Warrington, Pa  18976
(215) 572-8111
Counsel for Lakeview Loan Servicing, LLC